Cosquillo-Maiza v. Bondi

BIA
Reid, IJ
A220 228 857/858/859/860

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JUAN DANIEL COSQUILLO-MAIZA, MARIA ANGELA MUNCHA-COSQUILLO, D. G. C.-M., Y. S. C.-M.,

> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

24-63
NAC

*Respondent.**

_____

FOR PETITIONERS:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:           Brian Boynton, Principal Deputy Assistant
                          Attorney General; John S. Hogan, Assistant
                          Director; Deitz P. Lefort, Trial Attorney,
                          Office of Immigration Litigation, United
                          States Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners, Juan Daniel Cosquillo-Maiza, Maria Angela Muncha-Cosquillo,

and their minor children, natives and citizens of Ecuador, seek review of a

December 14, 2023, decision of the BIA affirming a June 2, 2023, decision of an

Immigration Judge ("IJ") denying asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *In re Juan Daniel Cosquillo-Maiza,

et al.*, Nos. A220 228 857/858/859/860 (B.I.A. Dec. 14, 2023), *aff'g* Nos. A220 228

857/858/859/860 (Immig. Ct. N.Y. City June 2, 2023). We assume the parties'

familiarity with the underlying facts and procedural history.

_____

*     The Clerk of Court is respectfully directed to amend the case caption accordingly.

2

We have considered the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners primarily argue that the IJ denied them due process by failing to develop the record. "To establish a violation of due process, an alien must show 'that [he or] she was denied a full and fair opportunity to present . . . claims' or 'that the IJ or BIA otherwise deprived [him or] her of fundamental fairness.'" *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation omitted). An IJ "has an obligation to establish and develop the record," including by "prob[ing] inconsistencies and develop[ing] the relevant facts," but the IJ must remain "a neutral, impartial arbiter." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006). "Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citation

3

omitted). To show prejudice, a claimant must demonstrate "that the outcome of . . . removal proceedings would have been . . . different" but for the alleged violation. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010).

Petitioners have not shown the prejudice required to state a due process claim. They argue that the IJ failed to develop the record and should have probed for more detail about the discrimination Cosquillo-Maiza suffered as a child, the incident when police shut down Cosquillo-Maiza and Muncha-Cosquillo's produce stand, and their fears of returning to Ecuador. But they do not identify what additional testimony Cosquillo-Maiza would have given or explain how such testimony would have supported their claim for asylum. In other words, Petitioners have not shown prejudice because they do not identify evidence that would result in a different outcome. *See Garcia-Villeda*, 531 F.3d at 149; *Debeatham*, 602 F.3d at 486. Because the prejudice finding is dispositive of the due process claim, we do not address any other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

To the extent Petitioners challenge the underlying findings related to their asylum, withholding of removal, and CAT claims, their challenge fails. The IJ

4

and BIA did not err in finding that Petitioners failed to establish past persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding a petitioner that had suffered "minor bruising from an altercation with family planning officials" was not persecuted); *see also Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("[U]nfulfilled threats alone generally do not rise to the level of persecution" unless an applicant presents "objective evidence that the threat was so imminent or concrete, . . . or so menacing as itself to cause actual suffering or harm.") (citation omitted). Additionally, after reviewing the record, we conclude there was no error in finding that Petitioners did not show an objectively reasonable fear of future persecution based on Petitioners' indigenous and evangelical identities. Having concluded as much, we also determine that the IJ and BIA did not err in denying the withholding of removal and CAT claims. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010) ("Withholding of removal and CAT relief entail a greater likelihood of future persecution than that required for the grant of asylum.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

5